IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **TYRECQUISS SHAEWAUN WELLS,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:21-CV-00407-MTT-CHW |
| | : | |
| **WARDEN WALTER BERRY,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Presently pending before the Court is a Complaint seeking relief pursuant to 42 U.S.C. § 1983 filed by *pro se* Plaintiff Tyrecquiss Shaewaun Wells, an inmate currently incarcerated at the Baldwin State Prison in Hardwick, Georgia (ECF No. 1). For the following reasons, Plaintiff must respond and show cause why his Complaint should not be dismissed for failing to comply with the Court's orders and instructions. In addition, Plaintiff's pending motion objecting to the referral of this case to a United States Magistrate Judge (ECF No. 9) is **DENIED.**

### ORDER TO SHOW CAUSE

On December 6, 2021, Plaintiff's motion for leave to proceed *in forma pauperis* in this action was granted, but Plaintiff was ordered to pay an initial partial filing fee in the amount of $25.17. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Dec. 7, 2021, ECF No. 4.

The time for compliance has now passed, and although Plaintiff filed other documents with the Court, he has not paid the initial partial filing fee as ordered or offered any reason why he cannot now pay that fee. The failure to comply with the orders and instructions of the Court is grounds for dismissal. As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to respond.

## MOTION TO OBJECT TO REFERRAL

Plaintiff has also filed a motion in which he objects to the referral of this case to the undersigned Magistrate Judge, contending that "[t]his case needs to be heard by the district judge because of the severity of this situation." Mot. Obj. Referral Order 1, ECF No. 7. Federal law permits a district judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court" and to issue a report and recommendation on any of those matters that happen to be dispositive (such as a motion to dismiss or for summary judgment). 28 U.S.C. § 636(b)(1). A district judge's referral to a magistrate judge under § 636(b)(1) does not require the parties' consent. *Cf.* 28 U.S.C. § 636(c)(1) (permitting parties to consent to allowing a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and to order the entry of judgment in the case"). Rather, the "nonconsensual referral[] of pretrial but case-dispositive matters under § 636(b)(1)" leaves the district judge "free to do as it sees fit with the magistrate judge's recommendations[.]" *Roell v. Withrow*, 538 U.S. 580, 585 (2003).

Put simply, this means that the District Judge assigned to this case has the authority to refer the case to the undersigned Magistrate Judge and does not require Plaintiff's

consent to do so. Plaintiff's motion "objecting" to the referral of this case (ECF No. 9) is therefore **DENIED.** It should be noted, however, that once a magistrate judge provides the district judge with a report and recommendation regarding any dispositive pretrial issues, the parties have fourteen days to provide written objections those proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge will then conduct a de novo review of those portions of the report and recommendation to which objections were filed and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Plaintiff will thus have an opportunity to be heard by a district judge in this case, if he so desires.

## CONCLUSION

To reiterate, Plaintiff is **ORDERED to RESPOND AND SHOW CAUSE** within **FOURTEEN (14) DAYS** of the date of this Order, explaining why his lawsuit should not be dismissed for failing to comply with the Court's previous orders and instructions. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** In addition, Plaintiff's motion to object to the referral of this case to a United States Magistrate Judge (ECF No. 9) is **DENIED.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 10th day of January, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge